■ ISABELLE WITONSKI, as Administratrix of the Estate of THEODORE J. WITONSKI, Deceased, et al., Appellants, v LEONARD FEIRSTEIN, Respondent.— In a negligence action, *inter alia,* to recover damages for personal injuries on behalf of decedent Theodore J. Witonski, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated October 27, 1978, which denied their motion, *inter alia,* for leave to amend the complaint by adding thereto a cause of action for wrongful death, with leave to renew on proper papers. Order reversed, without costs or disbursements, and motion granted. The proposed amended and supplemental complaint annexed to the moving papers is deemed served. Defendant's time to answer is extended until 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. Under the circumstances of this case, it was an abuse of discretion for Special Term to require plaintiffs to submit an affirmation by the decedent's treating physician showing a causal connection between the decedent's death and the injuries he suffered in the automobile accident with defendant, or, in the alternative, the affirmation of another physician explaining why the affirmation of the treating physician could not be obtained. In support of the motion, plaintiffs submitted the affirmation of a nontreating physician who had reviewed the pertinent records, medical and otherwise, in this case. That affirmation amply demonstrated the requisite causal connection between the decedent's death and the accident. We can see no basis upon which to prefer an affirmation by the treating physician. Special Term also required plaintiffs to submit an affidavit of merits, which would include an explanation for the delay in

making the instant motion. While we would not consider this requirement an abuse of discretion, we do not believe that such an affidavit would serve any significant function in this case. Considerations of judicial economy dictate that the motion be granted outright. It is unlikely that an affidavit of merits would add anything of substance to the affirmation of plaintiffs' expert physician. In addition, with respect to any delay, the original bill of particulars gave defendant notice of the injuries which are now asserted to be the cause of the decedent's death, as well as of the fact that plaintiffs considered those injuries to be life threatening. Under these circumstances, we can see no possible prejudice to defendant in the granting of this motion, and therefore we do not believe it necessary that plaintiffs explain the delay in making it. Titone, J. P., Mangano, Gibbons and Martuscello, JJ., concur.